**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4971

CHARLES TYRONE PEELER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-379-PJM)

Submitted: August 31, 1998

Decided: September 23, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke F. Ahlers, Columbia, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Ranganath Manthripragada, Assistant
United States Attorney, John V. Geise, Assistant United States Attor-
ney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Tyrone Peeler was convicted after a jury trial of armed bank robbery in violation of 18 U.S.C. § 2113(d), (f) (1994) and bank robbery in violation of 18 U.S.C. § 2113(a), (f) (1994). The district court sentenced Peeler to 262 months' imprisonment and five years of supervised release. On appeal Davis contends that the Government failed to preserve and disclose Brady* material before trial and that he was denied due process because his conviction was obtained through the use of false evidence. Finding no error, we affirm the conviction.

The testimony at trial revealed that on August 7, 1996, Peeler robbed the Chevy Chase Federal Savings Bank, a federally insured bank located in Maryland. Peeler entered the bank posing as a customer and asked the assistant manager, Janette Jones (Jones), what type of bank accounts were available. Jones spent approximately twenty-five minutes explaining account options. When Jones requested two forms of identification to open a bank account, Peeler indicated that he had no identification with him. He then pulled back his suit jacket to reveal a handgun. Peeler then told Jones to place both hands on the desk and not to pull the alarm.

At about the same time, Corrine Wiggins (Wiggins), a bank teller, approached Jones' desk to get something signed. She saw Peeler with a credit card application in front of him and holding a pen with a tissue. Sometime thereafter, Wiggins observed Jones open the employee teller area and mouth the words robbery three times while Peeler followed her into the teller area. At this point Wiggins set off the inaudible alarm.

_____

*Brady v. Maryland, 373 U.S. 83 (1963).

2

After Peeler escorted Jones behind the teller stations, he showed each of the tellers his handgun and instructed Jones to place them in the bathroom. Thereafter Peeler ordered Jones to unlock all of the tellers' drawers and return to the bathroom. Peeler then proceeded to take a total of $22,197.00 and exited the bank. Moments later, police officers arrived at the bank.

As part of its investigation, the Federal Bureau of Investigation (FBI) compiled a photographic line-up. Both Jones and Wiggins positively identified Peeler as the bank robber. Jones and Wiggins then identified Peeler in court. In addition, Jones identified Peeler in still pictures developed from the bank surveillance video tape. Jones also identified a tie, ring, watch, and briefcase seized from Peeler and from his residence. Peeler's fingerprints were found on the credit card application handled by the robber. Based on these events, Peeler was convicted of armed bank robbery in violation of § 2113(d), (f) and bank robbery in violation of § 2113(a), (f).

Peeler alleges that the district court erred when it found that the Government had not committed a Brady violation. Peeler's claim stems from testimony elicited from Wiggins during cross-examination. Wiggins testified that during a trial preparation interview she identified two items that were seized from Peeler's home, a tie and a briefcase, but that she was unable to identify a watch and a ring. Believing that this testimony was exculpatory, Peeler now suggests that a Brady violation occurred. We disagree.

Suppression of evidence favorable to an accused violates due process only where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. See Brady, 373 U.S. at 87. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). There is no due process violation as long as the Brady material is disclosed in time for effective use at trial. See United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985).

In this case, defense counsel discovered this allegedly exculpatory evidence during its cross-examination of Wiggins. Counsel used this

3

information directly to confront Wiggins and the jury was apprised of the information. Peeler fails to show any more effective use he could have made of this testimony. Accordingly, we find that there is no reasonable probability that the outcome of the trial would have been affected by disclosure prior to trial of the fact that Wiggins could not identify Peeler's watch and ring.

Interwoven with Peeler's Brady argument is the claim that the Government knowingly permitted Wiggins to perjure herself. Because Peeler failed to object to this alleged violation, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-36 (1993).

This allegation again stems from the fact that Wiggins testified that she was shown Peeler's tie, briefcase, ring, and watch. However, the Government maintained that she had neither been shown this evidence nor asked whether she could identify this evidence. The record demonstrates that Wiggins was present when Jones was shown these items and that Wiggins may have mistakenly believed that she was being asked to identify these items. Nevertheless, the evidence is at most merely contradictory and inconsistent testimony from government witnesses; it does not amount to the knowing use of false testimony. See United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987).

For these reasons, we affirm Peeler's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4